**LIEN SHING JIANG, a.k.a., Lian Xing Jiang, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE & Attorney General Alberto R. Gonzales,[1] Respondents.**

No. 03–40912–AG.

United States Court of Appeals, Second Circuit.

March 30, 2006.

Norman Kwai Wing Wong, New York, New York, for Petitioner.

Christopher J. Christie, United States Attorney for the District of New Jersey, Susan Steele, Assistant United States Attorney, Newark, New Jersey, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

City of New York, on the 30th day of March, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Lien Shing Jiang, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") opinion denying his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history. Where, as here, the BIA issues a short decision modifying the IJ's holding in one respect, but otherwise affirming it, we review the judgement of the IJ as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004).

Here, substantial evidence supports the IJ's determination that Jiang was not credible. First, the IJ reasonably found that Jiang stated different dates in his application and his testimony concerning when his wife's IUD was inserted and removed. Second, the IJ accurately noted that Jiang initially stated that his wife hid at her mother's house before relocating to her sister's home, then testified that the mother and sister lived in the same home. Third, the IJ accurately noted that Jiang stated in his application that he was practicing Falun Gong with friends when the public security officials arrived at his home, but later testified that only his wife

and children were present at the time. Fourth, the IJ reasonably found that Jiang's statements that he did not have a good memory failed to adequately explain the discrepancy. Finally, the IJ also reasonably found that Jiang testified inconsistently where he first testified that he practiced Falun Gong secretly, and then testified that he sometimes practiced publicly.

Individually, the discrepancies cited by the IJ might not be fatal if they were isolated, and his testimony was otherwise generally consistent, rational, and believable. *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000). However, in the aggregate, the discrepancies in Jiang's statements provide substantial evidence to support the IJ's adverse credibility determination.

Finally, we lack jurisdiction to review the denial of Jiang's CAT claim because he failed to raise this category of relief before the BIA, and thus failed to exhaust it. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005).

Accordingly, Chen's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).